IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA HOSKINS, #R54570, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-cv-442-RJD |
| ) | |
| MATTHEW JOHNSON, and ) | |
| DANIEL J. HARRISS, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Joshua Hoskins, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights that occurred while he was housed at Pinckneyville Correctional Center ("Pinckneyville"). He asserts that he was physically assaulted because he filed grievances and was denied medical care for his injuries, in violation of the First and Eighth Amendments. He seeks monetary damages. (Doc. 1, pp 56-57).

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A,[1] which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections to the exercise of Magistrate Judge jurisdiction as set forth in the Memorandum of Understanding between this Court and the Illinois Department of Corrections.

1

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): On September 4, 2019, at the time dinner was served, Plaintiff had a dispute with staff regarding the chuckhole in his cell door. Defendant Johnson and another officer came to Plaintiff's cell (R5C20) in response to that matter. (Doc. 1, pp. 56, 59-60). Johnson punched Plaintiff on the right side of his face through the chuckhole, stating he did this at the request of other security staff because Plaintiff had filed grievances on them. Plaintiff's face became bruised and swollen underneath his right eye. Johnson refused to get medical attention for Plaintiff and told him he would make sure other security staff and medical staff would not take Plaintiff for medical treatment either.

On September 12, 2019, Defendant Harriss took Plaintiff's sick call slip out of his cell door so the nurse could not pick it up or schedule him for sick call. (Doc. 1, p. 56). On September 16, 2019, Harriss told Plaintiff that he reviewed the sick call slip which detailed Johnson's conduct, and Harriss and the nurses destroyed the slip to protect Johnson. Harriss and Johnson told their co-workers to do the same thing if Plaintiff attempted to submit other sick call slips about the incident.

Plaintiff continued to suffer facial pain at the time he filed the Complaint. (Doc. 1, p. 56).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against Johnson for punching Plaintiff in the face on September 4, 2019.
>
> Count 2: First Amendment retaliation claim against Johnson for punching Plaintiff in retaliation for Plaintiff's grievances filed against Pinckneyville security staff.
>
> Count 3: Eighth Amendment deliberate indifference claim against Johnson and Harriss for preventing Plaintiff from obtaining medical care for his facial injuries after Johnson punched him.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

### Count 1

Plaintiff's allegations are sufficient for him to proceed on the excessive force claim in Count 1 against Johnson. An intentional use of excessive force against a prisoner without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

### Count 2

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). Here, Plaintiff alleges that Johnson explicitly stated that the reason he punched Plaintiff was because Plaintiff had filed grievances. This claim may also proceed against Johnson.

### Count 3

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho*

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

*v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). Furthermore, an officer who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). To state a deliberate indifference claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Rasho*, 856 F.3d at 475.

Plaintiff's allegations are sufficient for him to proceed on the deliberate indifference claims in Count 3 against Johnson and Harriss for preventing Plaintiff from obtaining medical attention for his facial injuries following Johnson's assault.

## DISPOSITION

The Complaint states colorable claims in Counts 1 and 2 against Johnson, and in Count 3 against Johnson and Harriss.

The Clerk shall prepare for Matthew Johnson and Daniel J. Harriss: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act, and to transmit a copy of the Order directing payment of Plaintiff's filing fee (Doc. 10) to the Trust Fund Officer at Dixon Correctional Center.

**IT IS SO ORDERED.**

**DATED:  May 24, 2022**

*s/   Reona J. Daly*
**REONA J. DALY**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.